IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KERRY DAVIS**                                                                **PLAINTIFF**

**v.**                                **Civil No. 4:15-cv-04034**

**HEATH ROSS; JAMES SINGLETON;**
**JOHNNY GODBOLT and JOAN MCCLAIN**                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Kerry Davis filed this civil rights case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Before me is Defendants' Motion for Summary Judgment. ECF No. 18.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 14. Pursuant to this authority, I find this Motion is ready for decision and issue this Memorandum Opinion.

1.     **BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Corrections – Ouachita River Unit in Malvern, Arkansas. During the time at issue in this case, Plaintiff was incarcerated in the Hempstead County Detention Center ("HCDC"). Plaintiff filed his Complaint on March 24, 2015 alleging that his constitutional rights were violated when he received inadequate medical care after he was bitten by a spider while at HCDC. ECF No. 2. Plaintiff named HCDC, Heath Ross, James Singleton, Johnny Godbolt and Joan McClain as Defendants. ECF No. 2. Plaintiff

1

subsequently dismissed claims against HCDC.  ECF. 10.  Plaintiff makes both official and individual capacity claims against each Defendant.  ECF No. 2.

On December 23, 2015, Defendants filed a Motion for Summary Judgment and a Brief in Support thereof arguing in part Plaintiff's claims should be dismissed for failure to properly exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA").  ECF Nos. 18, 19.  A hearing was held on April 5, 2016 in this matter.  Plaintiff and Counsel for Defendants appeared via video conference.  ECF. No. 29.

**2.    SUMMARY JUDGMENT RECORD**

Upon review of the summary judgment record, I find the following as undisputed facts:

On February 8, 2015 Plaintiff was bitten by what he believed to be a spider.  ECF No. 2.  Plaintiff informed a jailer about the bite and was told to put in a sick call requesting medical treatment.  For the next several days Plaintiff was provided with anti-biotic topical cream and bandages for the bite.  ECF No. 2.

On February 10, 2015 Plaintiff put in a medical request for the spider bite.  ECF. No 19-1.  The request was received by Defendant McClain, the nurse at HCDC, on February 12, 2015. That same day Defendant McClain treated Plaintiff and ordered antibiotics for him.  ECF No. 19-1.

Plaintiff did not file any grievance during his incarceration at HCDC relating to the spider bite. ECF No. 2.  Defendants submitted Interrogatories to Plaintiff and asked him to "list each and every grievance and/or request that you have made while an inmate at Hempstead Detention Center".  ECF No. 19-3.  Plaintiff responded as follows:  "No grievance file.  Why.  Because was not going to be handled corrected.  I Kerry Davis felt it would be better this way."  ECF No. 19-3.

3.    **LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007).

4.    **DISCUSSION**

The PLRA in 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id*. at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." *Lenz v. Wade*, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

The Eighth Circuit Court of Appeals, however, has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 347 F.3d 736 (8th Cir. 2001) (explaining that a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

Plaintiff testified during the hearing in this matter he asked for a grievance form but was never provided with one. I find this testimony to be contradicted by the record. First, Plaintiff's Complaint does not allege any person denied him a grievance form. Instead, Plaintiff states he intentionally did not file any grievance relating to his claims while incarcerated at HCDC. ECF No. 2. In addition, Plaintiff made clear he did not file a grievance because he "felt it would be better this way [filing a lawsuit]." ECF No. 19-3. Consequently, neither of the exceptions to the PLRA exhaustion requirement apply in this matter.

Plaintiff has failed to exhaust his administrative remedies prior to bringing his lawsuit in this matter. Defendants are entitled to judgment as a matter of law. As a result, it is not necessary for the Court to address the merits of Plaintiff's claim.

## 5. CONCLUSION

Accordingly, Defendants Motion for Summary Judgment (ECF No. 18) is **GRANTED.** Plaintiff's claims against each Defendant are hereby dismissed with prejudice.

**DATED this 19th day of April 2016.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE