IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KERRY DAVIS                                                                                          PLAINTIFF

v.                                               Civil No. 4:15-cv-04034

HEATH ROSS; JAMES SINGLETON;
JOHNNY GODBOLT and JOAN MCCLAIN                                           DEFENDANTS

## ORDER

Plaintiff Kerry Davis filed this civil rights case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Before me is Plaintiff's Second Motion for Reconsideration and Extension of Time to File Notice of Appeal (ECF No. 34). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 14.

On December 23, 2015, Defendants filed a Motion for Summary Judgment arguing in part Plaintiff's claims should be dismissed for failure to properly exhaust his administrative remedies pursuant to the Prison Litigation Reform Act. ECF Nos. 18. A hearing was held on April 5, 2016 in this matter. Plaintiff and Counsel for Defendants appeared via video conference. ECF. No. 29. The Court ruled Plaintiff failed to exhaust his administrative remedies prior to bringing his lawsuit in this matter and Defendants were entitled to judgment as a matter of law. ECF Nos. 30, 31.

Plaintiff filed his first Motion for Reconsideration (ECF No. 32) on May 6, 2016. I denied this Motion on May 18, 2016. ECF No. 33. In Plaintiff's Second Motion for Reconsideration (ECF No. 34) he refers to his disagreement with the Court's decision and what he believes to be the unfairness of the court system. ECF No. 32. The purpose of a Motion for Reconsideration is

limited to correcting "manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 441 (8th Cir. 1988) (internal quotations and citations omitted). Plaintiff has failed to show any errors of law or fact or to present any newly discovered evidence in his Second Motion for Reconsideration. The proper procedure is for Plaintiff to now file an appeal to the Eighth Circuit Court of Appeals.

The Court's docket shows on April 19, 2016 Plaintiff was mailed a new *in forma pauperis* ("IFP") application along with a letter outlining the procedures for filing an appeal with the Eighth Circuit. The letter and IFP application have not been returned as undeliverable. Plaintiff claims in his Second Motion for Reconsideration he did not receive this paperwork. ECF No. 34. Because Plaintiff proceeds *pro se,* the Court will provide Plaintiff with another IFP Application and appeal procedure letter. Therefore, I find there is good cause to extend the time for Plaintiff to file his notice of appeal.

Accordingly, Defendants Motion for Reconsideration and Extension of Time to File Notice of Appeal (ECF No. 34) is granted in part and denied in part. Plaintiff's Motion to Reconsider this Court's decision granting summary judgment in favor of Defendants is **DENIED.** Plaintiff's Motion to extend the time to file a notice of appeal is **GRANTED.** The Clerk is **DIRECTED** to send a new IFP form and the letter regarding the appeal procedures to Plaintiff. Plaintiff shall have until **July 1, 2016** to file a notice of appeal.

**DATED this 1st day of June 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

2